UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
TRUSTEES OF THE NEW YORK CITY          :
DISTRICT COUNCIL OF CARPENTERS         :
PENSION FUND, WELFARE FUND,            :
ANNUITY FUND, AND APPRENTICESHIP,      :    19-CV-10173 (VSB)
JOURNEYMAN RETRAINING,                 :
EDUCATIONAL AND INDUSTRY FUND,         :    **OPINION & ORDER**
et al.,                                :
                                       :
                         Petitioners,  :
                                       :
        - against -                    :
                                       :
                                       :
SAFEWAY INSTALLATION CORP.,            :
                                       :
                         Respondent.   :
                                       :
-----------------------------------------------------------X

Appearances:

Charles R. Virginia
Maura S. Moosnick
Virginia & Ambinder, LLP
New York, NY

Nicole Marimon
Office of the Attorney General for the District of Columbia
Washington, DC
*Counsel for Petitioners*

VERNON S. BRODERICK, United States District Judge:

Before me is the petition of the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds"); Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"); the Carpenter Contractor Alliance of Metropolitan New York (the "CCA Metro," and together with the ERISA Funds and the Charity

Fund, the "Funds"); and the New York City District Council of Carpenters (the "Union," and together with the Funds, the "Petitioners") to confirm and enforce an arbitration award against Safeway Installation Corp. ("Respondent") pursuant to § 301(c) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.  Because I find that there is no genuine issue as to any material fact and no indication in the record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED, and the arbitration award is confirmed.

## I. Factual Background and Procedural History[1]

Petitioner Union is a labor organization representing carpenters, and Petitioners ERISA Funds, Charity Fund, and CCA Metro are the Union's associated funds.  (*See* Pet. ¶¶ 4–7.) Respondent was party to a Project Labor Agreement ("PLA") between the Tishman Construction Corporation of New York and the Building and Construction Trades Council of New York and Vicinity ("BCTC"), an organization of which the Union was a member.  (*See id.* ¶ 9; *see also id.* Exs. A & B.)  Under the PLA, Respondent agreed to be bound by "various collective bargaining agreements involving the Union and, in relevant part, the Union's Independent Millwright Agreement (the 'CBA')."  (*Id.* ¶ 10; *see also id.* Exs. C & D.)  The PLA and CBA contracts obligated Respondent "to remit contributions to the Funds when it performed work under the PLA that was within the trade and geographical jurisdiction of the Union," (*id.* ¶ 12), and to "submit to an audit of its books and records by the Funds to determine whether Respondent remitted the necessary contributions to the Funds," (*id.* ¶ 13).  In the event that Respondent refused to submit to an audit and forced the Union to litigate a dispute over unpaid contributions, the CBA further bound Respondent to a Revised Statement of Policy for Collection of Employer

---

[1] The following facts are drawn from the Petition to Confirm Arbitration Award (the "Petition" or "Pet."), (Doc. 1), and the supporting evidence submitted by Petitioners, including the opinion and award of Arbitrator Roger E. Maher in this matter (the "Award"), (*see id.* Ex. G).

Contributions (the "Collection Policy"), which required Respondent to pay "the estimated amount of the employer's delinquent contributions," "interest on the unpaid contributions," "liquidated damages," and "reasonable costs and attorneys' fees." (*Id.* ¶¶ 16, 18; *see also id.* ¶¶ 14, 15, Ex. E.)

On March 14, 2019, Petitioners initiated arbitration against Respondent over Respondent's failure to submit to an audit under the CBA. (*See id.* ¶ 20; *id.* Ex. G.) Respondent did not appear in the proceedings. (*See id.* Ex. G, at 2.) Arbitrator Roger E. Maher held a hearing on August 15, 2019, and issued the Award on August 19, 2019. (*See id.* ¶¶ 22, 23.) Maher "found that Safeway violated the CBA and ordered Safeway to pay the Funds the sum of $100,394.07, consisting of: (1) an estimated principal deficiency of $74,892; (2) interest thereon of $8,123.67; (3) liquidated damages of $14,978.40; (4) court costs of $400; (5) attorney's fees of $1,500; and (6) the arbitrator's fee of $500," with 7.5% interest accruing from August 19, 2019. (*Id.* ¶ 24; *see also id.* Ex. G.) Respondent has not paid the Award. (*See id.* ¶ 26.)

On November 1, 2019, Petitioners filed the Petition initiating the instant action asking that I (1) to confirm and enforce the Award, (2) to award judgment "in the amount of $100,394.07, plus interest from the date of the Award through the date of judgment to accrue at the annual rate of 7.5% pursuant to the Award," (3) to award attorneys' fees in the amount of $825 and costs in the amount of $70, and (4) to award post-judgment interest at the statutory rate. (*Id.* ¶ 37.) On November 5, 2019, Petitioners filed an affidavit of service, indicating that Respondent had been served on November 4, 2019. (Doc. 7.) On November 6, 2019, I entered a scheduling order directing Petitioners to file and serve any additional materials by November 29, 2019, Respondent to file any opposition by December 27, 2019, and Petitioners to file any reply by January 10, 2020. (Doc. 8.) Petitioners effected service of my scheduling order on

3

Respondent on November 7, 2019.  (Doc. 9.)  Petitioners did not file any additional materials.  To date, Respondent has not answered the Petition, requested additional time to respond to the Petition, or otherwise appeared in this case.

## II.     Legal Standards

### A.     *Labor Management Relations Act*

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  A court's review of a final arbitration award under the LMRA is "very limited."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

"Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court."  *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-cv-6004-GHW, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016) (internal quotation marks omitted).  "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice."  *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks and citation omitted).  Thus, "barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy— a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably

construing or applying the contract and acting within the scope of his authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. A to E Inc.*, No. 16-cv-4455 (CM), 2018 WL 1737133, at *4 (S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

### B. *Summary Judgment*

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Instead, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Id.* at 110. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* As with a motion for summary judgment, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). In other words, "the showing required to avoid confirmation is very high." *Id.*

### III. Discussion

### A. *Confirmation of Award*

I have reviewed the Petition and the Award and find that no genuine issues of material fact exist in this case. In addition, there is no indication that the Award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the PLA or CBA or outside the scope of his broad authority to resolve any dispute between the parties regarding

contributions. Rather, the record demonstrates that the arbitrator based his award on undisputed evidence that Respondent failed to submit to an audit in violation of the CBA. The record also establishes that the arbitrator based his award of interest and various costs on the provisions of the CBA and related agreements. Accordingly, Petitioners' motion is granted and the Award is confirmed. *See, e.g.*, *Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. IBEX Constr., LLC*, No. 18-CV-2797 (VSB), 2019 WL 2281276, at *3 (S.D.N.Y. May 29, 2019) (confirming arbitration award brought under LMRA § 301 where respondent did not oppose petition and record supported arbitrator's findings); *Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. Decent Gen. Constr. Corp.*, No. 18-CV-4878 (VSB), 2019 WL 1434300, at *3 (S.D.N.Y. Mar. 31, 2019) (same); *Trs. For the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 7:13-cv-1925 (NSR), 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2016) (same).

### B. *Attorneys' Fees*

Petitioners also seek to seek to recover $825 in attorneys' fees and $70 in costs and service fees pursuant to the Collection Policy. (*See* Pet. ¶¶ 29–37.) "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *1199SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13 Civ. 2608 (JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The starting point in analyzing whether claimed attorneys' fees are reasonable is "the lodestar— the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

Petitioners' counsel on this case, a partner at Virginia & Ambinder, LLP (V&A), billed at

a rate of $275 an hour, a rate that was "the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services." (*See* Pet. ¶¶ 32, 24; *see also id.* Ex. H.)  In other cases involving unopposed petitions to confirm an arbitration award, courts typically approve hourly rates of $300 to $400 for partners and $225 to $250 for associates.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Coastal Envtl. Grp. Inc.*, No. 17 Civ. 4667 (KPF), 2017 WL 5157246, at *5 (S.D.N.Y. Nov. 7, 2017) (awarding fees of $300 per hour for counsel and $225 per hour for associates); *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 1:16-CV-1115-GHW, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (awarding fees of $250 per hour for each attorney); *see also Bennett v. Asset Recovery Sols., LLC*, No. 14-CV-4433 (DRH) (SIL), 2017 WL 432892, at *7 (E.D.N.Y. Jan. 5, 2017) (finding that courts "regularly approve hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals").  Accordingly, I find that counsel's hourly rate is eminently reasonable.

Petitioners' counsel billed three hours of work on this case.  (*See* Pet. ¶ 35; *see also id.* Ex. H.)  In similar actions to confirm an arbitration award in which the respondent has failed to answer the petition or otherwise appear, courts have found total billable hours in the single digits to be reasonable.  *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Clear It Out Contracting LLC*, No. 19-CV-1188 (VSB), 2019 WL 2171233, at *3 (S.D.N.Y. May 20, 2019) (awarding fees for 3.7 hours billed by one attorney, one law clerk, and a paralegal); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Genrus Corp.*,

7

No. 17-CV-02193 (VSB) (BCM), 2018 WL 8335270, at *1 (S.D.N.Y. Oct. 23, 2018) (recommending fee award for 4.8 hours billed by two attorneys), *report and recommendation adopted*, 2019 WL 2174088 (S.D.N.Y. May 20, 2019); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Windham Constr. Corp.*, No. 1:17-cv-4630 (VSB) (SDA), 2017 WL 9472944, at *4 (S.D.N.Y. Dec. 27, 2017) (recommending fee award for 8.6 hours billed by two attorneys and a law clerk), *report and recommendation adopted*, 2018 WL 2338790 (S.D.N.Y. May 22, 2018); *Plaza Constr. Grp.*, 2016 WL 3951187, at *2 (awarding fees for 9.2 hours spent "draft[ing] the petition for confirmation, perform[ing] research, and compos[ing] a summary judgment filing"). I likewise find that the hours billed on this case are appropriate.

Finally, Petitioners' counsel requests $70 for court filing fees and service fees. (*See* Pet. ¶ 36.) Altogether, I find the requested attorneys' fees and costs to be fair and reasonable, and I order that Petitioners be awarded $825 in attorneys' fees and $70 in costs.

### C.    *Post-Judgment Interest*

Petitioners also seek to recover post-judgment interest. (*See* Pet. ¶ 37.) "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered," including orders that confirm arbitration awards. *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a) ); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship v. Windham Constr. Corp.*, No. 1:17-cv-4630 (VSB) (SDA), 2017 WL 9472944, at *4 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 2338790 (S.D.N.Y. May 22, 2018). Accordingly, Petitioners are entitled to post-judgment interest from the date of entry of the Court's judgment,

at the rate provided for by 28 U.S.C. § 1961.

**IV.     Conclusion**

For the foregoing reasons, Petitioners' motion is GRANTED.  The Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $100,394.07, plus interest from August 19, 2019 through the date of judgment to accrue at the annual rate of 7.5% pursuant to the Award; plus attorneys' fees in the amount of $825 and costs in the amount of $70; plus post-judgment interest in accordance with 28 U.S.C. § 1961(a).

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: March 22, 2023
       New York, New York

_____
Vernon S. Broderick
United States District Judge